IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| Pearl Holding Group, Inc., a Florida corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Doxo, Inc., a Delaware corporation.<br><br>    Defendant. | JURY TRIAL DEMANDED<br><br>Case No.: |

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Pearl Holding Group, Inc., ("PHG") by and through their attorneys, for their Complaint against Defendant Doxo, Inc., ("Doxo") state and allege as follows:

## **NATURE OF THE ACTION**

1. Plaintiff PHG is an insurance agency that sells insurance policies to customers throughout Florida. Through unauthorized use of PHG's trademark PEARL HOLDING GROUP, Defendant Doxo is falsely representing itself as PHG's authorized representative, inducing PHG's customers to send payments due on their insurance policies to Doxo rather than to PHG.  Although Doxo claims to then send payment to PHG, in fact, PHG has variously not received such payments or received them after they were due. On information and belief, as a result of the missing or late payments, PHG's customers have received insurance cancellation notices and have had their policies cancelled despite those customers believing, as a result of Doxo's deception, that they had properly and timely paid their insurance bill.  In addition, Doxo's actions have resulted in customers paying their insurance bills to Doxo and having those payments accepted by Doxo, causing on information and belief such customers to believe their insurance policy is in good standing, when in fact their insurance policies were previously

1

cancelled and no longer in effect at the time Doxo accepted their payment. Plaintiff therefore brings this action against Doxo for violation of section 43(a) of the Lanham Act and for tortious interference with business relations.

## THE PARTIES

2. Plaintiff PHG is a Florida corporation with its principal place of business at 11575 Heron Bay Blvd, Suite 300, Coral Springs, Florida 33076.

3. Defendant Doxo is a Delaware corporation with its principal place of business at 101 Stewart St., Suite 800, Seattle, Washington 98101.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and 15 U.S.C. § 1121.

5. This Court has personal jurisdiction over Doxo at least because despite receiving cease and desist correspondence from PHG, Doxo continues to engage in intentional tortious acts aimed at and causing harm to PHG in this district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

7. Plaintiff PHG is an insurance agency that sells personal auto insurance policies on behalf of insurance companies, including Ocean Harbor Casualty Insurance Company, to the public in Florida.

8. PHG has been using its name PEARL HOLDING GROUP as a service mark in connection with providing those services to the public in commerce for many years.

9. PHG owns federal common law trademark rights in PEARL HOLDING GROUP.

10. Defendant Doxo markets itself on its homepage (www.doxo.com) as a "bill pay service network" that enables users of Doxo's service to centralize their bill payments to billers including insurance companies in "the doxo network."

11. Doxo also markets on its website Doxo's "biller network pages."

12. Doxo's homepage has a search bar that allows Doxo users to search Doxo's biller network pages.

13. Typing "Pearl Holding Group" into the search bar on Doxo's homepage causes Doxo's website to take users to Doxo's biller network page found at https://www.doxo.com/info/ocean-harbor-casualty-ins. That URL deceptively incorporates the name Ocean Harbor Casualty Insurance, an insurance company that underwrites many of the insurance policies that PHG sells to its customers.

14. Doxo has no relationship with Ocean Harbor Casualty Insurance.

15. Until recently, that webpage (the "Original Infringing Webpage") looked in part like this:



16. The Original Infringing Webpage uses PHG's mark PEARL HOLDING GROUP without authorization.

17. The Original Infringing Webpage is replete with references to Plaintiff PHG and is intended to indicate to the public that PHG is in Doxo's biller network, and that PHG's customers can pay insurance premiums owed to and billed by PHG to Doxo.

18. The Infringing Webpage purports to provide a customer service phone number for PHG, but in fact, that phone number is incorrect, casting PHG in a bad light to its customers and the public.

19. After discovering the Infringing Webpage, PHG wrote to Doxo and demanded that Doxo delete the Original Infringing Webpage, remove PHG's trademarks from its website, cease indicating that it has the right to accept payments on behalf of PHG, and cease accepting payments on behalf of PHG.

20. Doxo failed to comply with PHG's demands. Instead, Doxo only slightly modified the Original Infringing Webpage. The modified version of the webpage (the "Modified Webpage"), a screenshot from which is as follows, continues to use PHG's mark PEARL HOLDING GROUP, continues to be replete with references to PHG, and continues to indicate to PHG's customers that PHG is in Doxo's biller network and that PHG's customers can pay insurance premiums owed to and billed by PHG to Doxo, all without authorization from PHG or the relevant insurance regulatory authorities:



21. Doxo is not an authorized agent of PHG or Ocean Harbor Casualty Insurance.

22. Doxo is not authorized by PHG or by the relevant Florida regulatory authority to collect insurance premiums on insurance policies sold by PHG.

23. It is illegal under Florida law to collect insurance premiums without authorization from the relevant Florida regulatory authority.

24. By collecting insurance premiums from PHG's customers, Doxo is violating Florida state insurance regulatory law.

25. PHG has never requested to be in Doxo's biller network and has not authorized Doxo to indicate PHG is in Doxo's biller network.

26. PHG has never authorized Doxo to collect funds from PHG's customers on PHG's behalf or to otherwise suggest or hold itself out as having any relationship to PHG whatsoever.

27. PHG has no business relationship with Doxo, and has never had one.

5

47828633;1

28. The Modified Webpage continues to purport to provide a customer service phone number for PHG, but in fact continues to provide the wrong number, continuing to cast PHG in a bad light to its customers and the public.

29. On information and belief, PHG's customers have been and are being confused by Doxo's Original Infringing Webpage and Modified Webpage into paying insurance premiums to Doxo that were billed by and were due to PHG. Doxo is misleading PHG's customers into falsely believing that Doxo is authorized to collect those insurance premiums by PHG and that timely and complete payment to Doxo constitutes timely and complete payment of their insurance premiums billed by and due to PHG.

30. On information and belief, Doxo's actions in misleading PHG's customers has been and is willful.

31. On information and belief, Doxo has failed to pay PHG at least some of the funds it has collected from PHG's customers who were misled by Doxo into believing they were timely and fully paying their PHG insurance premium bill. As a result, PHG customers who believed they had timely and fully paid their PHG insurance premium bill have received insurance cancellation notices and have had their insurance cancelled, damaging PHG, PHG's customers, and PHG's goodwill and reputation.

32. On October 23, 2018, PHG filed a complaint in this Court against Doxo with similar counts. Doxo's Vice President Roger Parks called PHG and informed PHG that Doxo had deactivated the ability for Doxo's users to use Doxo's website to pay PHG's insurance invoices.

33. Based on Mr. Park's representations, PHG dismissed the Ocotober 23, 2018 complaint without prejudice.

34. It has now come to PHG's attention that contrary to Mr. Parks' representations, Doxo is still accepting payments from its users for insurance policy premiums billed by PHG.

35. PHG is already aware of a customer who was confused by Doxo after Mr. Park's representations into paying to Doxo an overdue invoice for an insurance policy premium bill from PHG. On information and belief, as a result of Doxo's deception and accepting the payment, PHG's customer believed the customer's insurance policy continued to be in effect. However, in fact, that customer's insurance policy had already been cancelled.

## COUNT I
### (Trademark Infringement and Unfair Competition - Lanham Act § 43(a))

36. Plaintiff adopts, repeats and realleges each and every allegation previously set forth in paragraphs 1-35 in this Complaint as if fully set forth in this paragraph.

37. Doxo does not have PHG's consent or authorization to use PHG's PEARL HOLDING GROUP mark.

38. Doxo used the PEARL HOLDING GROUP mark on its Original Infringing Webpage, and continues to use it on its Modified Webpage, in commerce in a manner likely to cause confusion among consumers who will falsely believe that the services offered by Doxo are offered or authorized by, affiliated or connected with, or have the sponsorship, endorsement, or approval of PHG.

39. Doxo has acted knowingly, deliberately, and willfully with the intent to trade on PHG's reputation and goodwill as symbolized by the PEARL HOLDING GROUP trademark.

40. Doxo's actions constitute trademark infringement and unfair competition.

41. As a direct and proximate result of Doxo's infringement and unfair competition, PHG has suffered, and will continue to suffer, monetary loss and irreparable injury to its

business, reputation, and goodwill, for which PHG has no adequate remedy at law, entitling PHG to both damages and injunctive relief.

42.     As a result of Doxo's willfulness, PHG is further entitled to enhanced damages and to an award of its reasonable attorneys' fees.

## COUNT II
### (Tortious Interference with Business Relations)

43.     Plaintiff adopts, repeats and realleges each and every allegation previously set forth in paragraphs 1-35 in this Complaint as if fully set forth in this paragraph.

44.     By virtue of its tortious actions described above, Doxo has confused and deceived, and continues to confuse and deceive, PHG's customers into making insurance premium payments owed to PGH to Doxo instead.

45.     On information and belief, as a result of Doxo's tortious actions, PHG customers have had their insurance policies cancelled due to nonpayment despite those customers believing they had timely made such payment when they paid Doxo; similarly, one or more PHG customers have had their payment on overdue insurance premium bills from PHG accepted by Doxo, misleading the customers into believe their policies continued to be in effect, when in fact their policies were cancelled and no longer in effect.

46.     At all relevant times, Doxo was aware of the business relationship between PHG and PHG's customers from whom Doxo collected payments.

47.     Doxo's actions constitute an intentional and unjustified interference with the relationship between PHG and its customers and its potential customers.

48.     As a direct result of Doxo's interference, PHG and on information and belief its customers have incurred and will continue to incur damages and irreparable injury for which PHG has no adequate remedy at law, entitling PHG to damages and injunctive relief.

8

47828633;1

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff PHG request the following relief for the violations set forth in Counts I and II:

A.   A permanent injunction:

(i)   prohibiting Defendant and its owners, officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, successors, and all others acting in concert or participation with Defendant from (a) selling, marketing, advertising, or in any way providing services that use the mark PEARL HOLDING GROUP or any other marks confusingly similar to it, or the phrase OCEAN HARBOR CASUALTY INSURANCE or any other phrase confusingly similar to it, including but not limited to on a webpage, as part of the URL for a webpage, or as a search term or metadata for a webpage; (b) further infringement of the mark PEARL HOLDING GROUP or any other marks confusingly similar to it; and (c) engaging in any acts of unfair competition in connection with PHG, including from making further use of the webpage www.doxo.com/info/ocean-harbor-casualty-ins and any other webpage that uses the name Pearl Holding Group or Ocean Harbor Casualty Insurance or any colorable variation of either of them, or offering any bill paying service for PHG or Ocean Harbor Casualty Insurance;

(ii)   requiring Defendant to provide PHG with a complete list of all transactions relating to payments made by users for amounts owed to PHG, and account to PHG for all related revenue and profits derived therefrom by Defendant; and

(iii)   requiring Defendant to file with this Court and served on PHG a report in writing within three months from the date of judgment, under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of any injunction entered by this Court;

B.  An accounting and disgorgement to PHG of all profits derived by Defendant for its aforesaid acts, including acts of infringement and unfair competition;

C.  An award of Defendant's profits and compensatory, consequential, statutory, exemplary, and/or punitive damages to PHG in an amount to be determined at trial;

D.  A declaration that this is an exceptional case pursuant to 15. U.S.C. § 1117 in light of Defendant's willful and deliberate infringement and unfair competition;

E.  An award of treble damages and PHG's attorneys' fees and costs;

F.  An award to PHG of pre and post judgment interest as authorized by law; and

G.  Such further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  February 19, 2019            Respectfully submitted,

*/s/ David Brafman*
David Brafman
Florida Bar No. 68289
Mark D. Passler
Florida Bar No. 58068
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Tel.: (561) 653-5000
Fax: (561) 659-6313
Email: david.brafman@akerman.com
Email: mark.passler@akerman.com

*Counsel for Plaintiff Pearl Holding Group, Inc.*