UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-60442-KMM/PMH

**PEARL HOLDING GROUP, INC.,**

    **Plaintiff,**

vs.

**DOXO, INC.,**

    **Defendant.**
_____/

**DOXO, INC,**

    **Counter-Plaintiff,**

vs.

**PEARL HOLDING GROUP, INC.,**

    **Counter-Defendant.**
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant/Counter-Plaintiff, Doxo, Inc. ("Defendant" or "Doxo"), by and through undersigned counsel, hereby answers the Complaint (D.E. 1) filed by Plaintiff, Pearl Holding Group, Inc. (PHG), asserts affirmative defenses thereto and counterclaims against PHG, as follows:

## ANSWER

Doxo answers the Complaint in correspondingly-numbered paragraphs below. All allegations not expressly admitted below are hereby denied.

## NATURE OF THE CASE

1.      Doxo denies the allegations in Paragraph 1. Doxo is a secure online bill-paying system which allows its users to organize biller accounts, manage due dates, and pay all of their bills through a single mobile app or web application with one consistent user experience. Doxo identifies PHG for the purpose of conveying to the Doxo user that he or she is paying the bill for PHG and not some other company. There is no suggestion or implication that Doxo is sponsored or endorsed by PHG and therefore there is no infringement.

Doxo's service enables users to pay more than 45,000 billers across the country. For any biller that is not already in Doxo's directory, consumers that use Doxo are able to submit to Doxo add their biller to the directory. PHG was added to the Doxo directory by a user in or about September 2013. Once the request for a new biller is made, a "biller profile page" is created on Doxo's website which organizes in a standard format (which is the same for all billers in the application) the relevant addresses, phone numbers, emails, and web links for that biller so that users have it available for all their billers in the application. Doxo also sets up the payment delivery process for that biller using the most efficient means available. Doxo delivers payments to billers in its network using the same electronic and mailed check delivery processes used by other independent bill pay services, including the bank bill pay systems, or delivers directly and electronically to the biller for billers that elect to join the network.

Doxo's identification of PHG as a biller to a Doxo user constitutes nominative fair use. There is no other practical way to inform a user that they can in fact pay PHG and to ensure that a consumer does not pay the wrong biller, other than by using PHG's name. Doxo's identification of PHG does not suggest sponsorship or endorsement by PHG. In fact, the bill pay page for Doxo,

as well as each step of the bill pay user experience for making a payment, specifically states that Doxo is an all-in-one bill pay service and is neither an affiliate of nor endorsed by PHG.

On the bill-pay page of Doxo's website Doxo expressly disclaims any endorsement with PHG (in the same manner as it does with each biller) with the following text:

> Doxo is a secure, all-in-one bill pay service enabling payments to thousands of billers. Doxo is not an affiliate of Pearl Holding Group. Logos and other trademarks within this site are the property of their respective owners. No endorsement has been given nor is implied. Learn how Doxo works [LINK].

Further, once a user commences entering their bill payment information, on each page of the bill pay process Doxo reiterates that there is no endorsement with the language:

> Logos and other trademarks within this site are the property of their respective owners. No endorsement has been given nor is implied.

And again, on the final page of the payment process, where the user reviews their complete payment information and submits the payment, Doxo requires the user to expressly confirm (by checking a box) the language below (which is provided to help the user prevent late bill payments). The user is not able to submit a payment without checking this box.

> "I Understand the delivery date for my payment is [delivery date]. If you have received an overdue notice or need to deliver your payment sooner, do not complete payment here. Instead, contact the company [link to company website] directly to make your payment."

This language again clarifies that this is not the website of the biller, and if the user needs to make a payment after their due date then should go to the biller's own website directly, via the link provided, or contact the biller.

Doxo uses the PHG name to convey critical information to Doxo customers; namely, the name of the billing company to whom the user intends to make a payment. Thus, Doxo's use of the PHG name provides the truthful identity of PHG to the Doxo customer, thereby allowing the Doxo customer to add PHG to their accounts they organize in the Doxo service, track their due

3

dates, and pay their bills. Doxo operates in a manner clear and obvious that it is providing a service from Doxo, not PHG. Doxo is not using PHG as a source identifier related to Doxo or Doxo's services; there is no source confusion.

Because Doxo uses PHG's name merely to convey information about the billing company to Doxo users and in no way implies endorsement or sponsorship by PHG, the use of the PHG name constitutes nominative fair use, and Doxo does not infringe any PHG mark. Because Doxo clearly informs the user of the delivery date of the payment and requires the user to specifically confirm that their due date for the payment is after that delivery date, Doxo has not engaged in an intentional and unjustified interference with the relationship between PHG and its customer.

## THE PARTIES

2. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 2 and therefore denies the same.

3. Admit

## JURISDICTION AND VENUE

4. Admit.

5. Defendant denies that it is subject to personal jurisdiction in this judicial district or that Plaintiff pled sufficient facts to confer personal jurisdiction.

6. Defendant lacks sufficient information to admit or deny that a substantial part of the alleged events giving rise to the claims occurred in this judicial district and therefore denies that venue is proper.

**BACKGROUND**

7. Doxo is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's claims regarding its business and relationship with Ocean Harbor Casualty Insurance Company and therefore denies the allegations in Paragraph 7.

8. Doxo is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's claims regarding its business and relationship with Ocean Harbor Casualty Insurance Company and therefore denies the allegations in Paragraph 8.

9. Doxo is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's claims regarding its use of PEARL HOLDING GROUP and therefore denies that PHG owns federal common law trademark rights to that mark.

10. Doxo admits that Doxo is an all-in-one bill pay service, allowing users to manage all biller accounts in one place to make bill payments, using any pay instrument (ACH, Debit, Credit, Apple Pay) on their mobile phone or web to tens of thousands of billers across the country. Doxo offers convenience and features similar to any other third-party bill pay service provider, like bank bill pay. Doxo clearly discloses how the payment is being sent, time frame for delivery, status of delivery to the users at all times during the payment delivery, including via email receipt and a real-time payment status page. For each biller on the network Doxo always specifies when there is or is not any direct relationship. In the case of PHG, Doxo plainly disclaims any relationship to PHG with a statement that "Doxo is a secure, all-in-one bill pay service enabling payments to thousands of billers. Doxo is not an affiliate of Pearl Holding Group. Logos and other trademarks within this site are the property of their respective owners. No endorsement has been given nor is implied." Doxo denies any remaining allegations in Paragraph 10.

11. Doxo admits that it allows its users to make payments to billers and that the user can set up a biller on the Doxo service to send payment. Each biller has sufficient information to identify the biller so that users can locate the biller and identify payment and access useful contact and web information about that biller. A fundamental benefit and convenience of the Doxo service for its users is that key information about all their billers is presented in a standardized way, regardless of the industry or size of each respective biller. In this way, Doxo functions as a personal "biller address book" for its Users, where they can manage all accounts, due dates, and stay on top of bill payments for all their billers. Doxo includes true and accurate contract information for PHG, including PHG's website, customer service phone number, and mailing address. Doxo denies any remaining allegations in Paragraph 11.

12. Doxo admits that it allows its users to search and locate billers who have been added to the Doxo system. Doxo denies any remaining allegations in Paragraph 12.

13. Doxo denies that it has taken any action that deceives users as to the identity of billers on the Doxo system. Doxo admits that that its service refers to PHG by the name PHG uses in the market to identify itself and that users can locate billers through a search function and that, like Yelp, yellowpages.com, Facebook, Google, LinkedIn, BBB.com and other third-party sites that utilize web pages to present information, the identity of third-party billers may be included in URLs on the Doxo domain. The URL and the profile for Pearl Holding Group is accurate. Doxo denies any remaining allegations in Paragraph 13.

14. Admit.

15. Doxo admits that, over a year prior to the complaint, it modified the biller page, upon the request of representatives of PHG. Doxo further admits that it includes information regarding billers sufficient to identify the biller so that its users can identify the appropriate biller

or to contact the biller directly by phone, internet or mail. Doxo denies any remaining allegations in Paragraph 15.

16. Doxo denies that it has any relationship with Pearl Holding Group or that its website is infringing. Doxo's use of information specific to PHG is nominative fair use. Doxo denies any remaining allegations in Paragraph 16.

17. Doxo admits that it provides bill pay services that allows payment to billers designated by its users, similar to any bill pay service. Doxo further admits that, for each individual biller, Doxo provides useful and relevant contact and web link information, in a standardized page format. Doxo specifies that no such relationship exists, and Doxo expressly disclaims on multiple pages in its service any affiliation, endorsement or relationship with PHG. Doxo denies any remaining allegations in Paragraph 17.

18. To the best of Doxo's knowledge, the information presented on the profile page for PHG is correct, and in fact the customer service phone number was verified as of March, 2019. Doxo lacks sufficient information to admit or deny the remaining allegations in Paragraph 18 and therefore denies the same.

19. Doxo admits that PHG wrote Doxo regarding Doxo's bill pay services and that the letter speaks for itself. In response, Doxo contacted PHG to resolve outstanding issues to ensure payments were correctly delivered and credited to user accounts. PHG initially responded and provided reasonable assistance to ensure payments could be properly fulfilled, but then stopped such assistance and refused to respond for payments that it had not credited. Doxo denies that it had any obligation to remove nominative use of PHG on its website. Doxo denies any remaining allegations in Paragraph 19.

20. Doxo admits that it complied with PHG's request to remove the Ocean Harbor Casualty Insurance Logo after receipt of correspondence from PHG's counsel. Doxo further responds that it is a bill delivery service (like bank bill pay) and sends payments to tens of thousands of billers on behalf of users according to instructions that the users provide. Doxo denies that it provides insurance or represents that it does so, or that it has any obligation to remove nominative use of PHG on its website. Doxo denies that it violated any applicable law or regulation. Doxo denies any remaining allegations in Paragraph 20.

21. Admit.

22. Admit.

23. The allegations in Paragraph 23 are legal conclusions that do not require an Answer. To the extent a response is required, the allegations set forth in this paragraph are denied.

24. Doxo facilitates bill payments in the same manner as other independent bill pay services including bank bill pay services. Doxo denies that it collects insurance premiums, that it ever claimed to do so, or that it violated any applicable law or regulation. Deny.

25. Doxo admits that it sends bill payments at the direction of its users pursuant to the users' instructions and the Doxo user agreement. Doxo makes clear that it has no affiliation with PHG. Doxo denies any remaining allegations in Paragraph 25.

26. Doxo admits that it sends bill payments at the direction of its users pursuant to the users' instructions and the Doxo user agreement. Doxo does not claim to collect insurance payments on PHG's behalf and makes clear that it has no affiliation with PHG. Doxo denies any remaining allegations in Paragraph 26.

27. Admit.

28. Doxo responds that the phone number on the PHG biller page (954-587-2299) on the Doxo website purports to be a valid PHG phone number (last verified March, 2019). Doxo denies any remaining allegations in Paragraph 28.

29. Doxo denies that it collects insurance premiums or ever claimed to do so. Doxo's bill pay process expressly disclaims on multiple pages in its service any affiliation, endorsement or relationship with PHG. Further Doxo's process presents a clear delivery date for any such payment and expressly requires the user to confirm that the delivery date is before the due date for the payment they wish to have delivered. The consumer is presented this information again, via web page and email receipt promptly upon submitting any payment, and given opportunity to immediately cancel any such payment after submitting it for any or no reason. Doxo denies any remaining allegations in Paragraph 29.

30. Deny.

31. Doxo, at all times, makes clear and even requires confirmation from any user, prior to submitting a payment for delivery, that the delivery date provided is on or before the due date. PHG alone makes representations about whether their customer is or is not covered, collects insurance premiums for their policies and makes any determinations regarding cancellation of insurance coverage for customer payments that are not submitted by the due date. As to PHG's reputation, there is no evidence or indication that Doxo has had any relevance or impact for the company's reputation. For example, The Better Business Bureau profile page for PHG show a grade of "D" with over 300 consumer complaints and an average rating of one star, the lowest possible. The BBB posted a warning about PHG on the page that states:

> *"BBB files contain a pattern of complaints from consumers that allege service and customer service issues. Specifically consumers alleged that Pearl Holding Group delayed processing their claims for weeks or months and when they contacted Pearl Holding Group for updates they do not receive return phone calls or emails."*

See https://www.bbb.org/us/fl/sunrise/profile/auto-insurance/pearl-holding-group-inc-0633-27001569.

Similarly, the PHG profile page on Yelp.com shows that all 31 consumer reviews give 1 out of 5 stars, the lowest possible rating, and consistently refer to extremely poor responsiveness and customer service. *See* https://www.yelp.com/biz/pearl-holding-group-plantation?osq=pearl+holding+group.

Additionally, Glassdoor, a website for employee reviews, one purported employee asserts consistent issues related to customer service. *See* https://www.glassdoor.com/Reviews/Pearl-Holding-Group-Reviews-E723313.htm

To the extent that PHG suffers reputational issues, they due to their own business practices and are not caused by Doxo. Doxo denies any remaining allegations in Paragraph 31.

32. Doxo admits that PHG filed a complaint against Doxo and that a Doxo representative sought to resolve any user issues directly with PHG. After a period of time, PHG ceased working with Doxo to resolve user issues. Doxo denies any remaining allegations in Paragraph 32.

33. Doxo admits that PHG dismissed the complaint on October 23, 2018. Doxo denies any remaining allegations in Paragraph 33.

34. Doxo admits that PHG initially worked with Doxo to resolve operational issues but, PHG ceased working with Doxo to resolve user issues. Doxo admits that it provides bill pay services to users for payment to designated billers pursuant to its users' requests. Doxo denies any remaining allegations in Paragraph 34.

35. Doxo admits that it provides clear information to users about their delivery date for any payment and required user's confirmation that such delivery date is on or before the due date

for such payment. Otherwise, Doxo lacks information sufficient to admit or deny the allegations in paragraph 35 and therefore denies the same.

## COUNT I
### (Trademark Infringement and Unfair Competition - Lanham Act § 43(a))

36. Defendant reasserts and incorporates by reference its responses to paragraphs 1 through 35 above as though fully set forth herein

37. Doxo admits that it uses information sufficient to identify billers on its website similar to bill pay services and the doctrine of nominative fair use. Doxo denies that it violates any law or regulation.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

## COUNT II
### (Tortious Interference with Business Relations)

43. Defendant reasserts and incorporates by reference its responses to paragraphs 1 through 35 above as though fully set forth herein.

44. Deny upon information and belief.

45. Deny upon information and belief.

46. Deny.

47. Deny.

48. Deny.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses, Doxo asserts the following:

1. Plaintiff's claims fail to assert a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by lack of standing.

3. Plaintiff's claims are barred by contributory negligence.

4. Plaintiff's claims are barred, in whole or in part, pursuant to the doctrines of waiver, laches, estoppel, acquiescence, ratification, bad faith, consent, or unclean hands.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to act in good faith.

6. Plaintiff's claims may be barred, in whole or in part, by acts or omissions that Plaintiff did engage in or may have engaged in.

7. Plaintiff's claims are barred by the doctrine of nominative or descriptive fair use.

8. If and to the extent that the Court finds reason to award damages, Plaintiff's claims may be barred in whole or in part due to their failure to mitigate damages.

9. Plaintiff's claims are barred in whole or in part because it does not have a valid trademark. Plaintiff's reputation is the result of extensive negative online reviews their own business practices and not any action or inaction by Doxo.

10. Defendant reserves the right to assert additional defenses of which it becomes aware during discovery.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint and asserted affirmative defenses and a counterclaim herein, Defendant prays for the following relief:

1. That Plaintiff take nothing by way of the Complaint;

2. That Defendant be awarded costs of suit incurred herein;

3. That Defendant be awarded attorneys' fees to the extent provided by law;

4. That judgment be entered in favor of Defendant; and

5. That Defendant be granted such other relief as the Court deems just and proper.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Counter-Plaintiff, Doxo, by and through undersigned counsel, alleges as follows:

### NATURE OF THE COUNTERCLAIM

1. This is a Counterclaim for Declaratory Relief regarding the nominative use of PHG's unregistered mark on the Doxo website. Specifically, Doxo seeks declaratory relief regarding the claim that the identification of PHG on its biller pages is nominative fair use.

### THE PARTIES, JURISDICTION, AND VENUE

2. Doxo is a Delaware Corporation with its principal place of business located in King County, Washington.

3. PHG purports to be a Florida Corporation.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and 15 U.S.C. § 1121.

5. Under 28 U.S.C. § 1391, venue properly is laid in the Ft. Lauderdale Division of the Southern District of Florida because PHG initiated litigation against Doxo in this district and, therefore, all events or omissions allegedly giving rise to the claim occurred in Ft. Lauderdale, Florida.

### FACTUAL BACKGROUND

6. Doxo incorporates by reference the factual allegations set forth in its Answer above.

7. Doxo is a secure online bill-paying system which allows its users to pay all of their bills through the Doxo platform with one consistent user experience. Doxo identifies billers, such as PHG, so that the Doxo user can organize biller accounts, manage due dates, and remit payment – in the same manner as any bill pay service provider (like a bank website).

8. Doxo identifies PHG for the purpose of conveying to the Doxo user that he or she is paying the bill for PHG and not some other company. There is no suggestion or implication that Doxo is sponsored or endorsed by PHG and therefore there is no infringement.

9. There is no suggestion or implication that Doxo is PHG and therefore there is no infringement. Doxo is not using PHG as a source identifier related to Doxo or Doxo's services and there is no source confusion.

10. Doxo's identification of PHG as a biller to a Doxo user constitutes nominative fair use. Doxo's identification of PHG does not suggest sponsorship or endorsement by PHG, but instead conveys accurate, truthful information sufficient to identify PHG as a company that has billed the user.

11. Doxo in no way attempts to confuse customers into believing that Doxo is somehow associated with PHG and a reasonable consumer would be very unlikely to be confused as to the origins of Doxo.

12. PHG was added to the Doxo platform by a user.

13. Consumers that use Doxo are able to submit to Doxo their billers and can add a biller if it is not already in the directory. Doxo users can organize all biller accounts in one place and pay bills using one consistent user experience. Once the request for a new biller is made, a "biller profile page" is created on Doxo's website. Each biller page includes publicly available links to the biller's website and other related information regarding the biller. Doxo, in the

background, works to ensure that a payment process can be set-up between the at-issue biller and the consumer's financial institution(s). Once that process is complete, a third-party biller page is set up on Doxo's website. Subsequently, any Doxo user can pay bills via the created biller page.

14. Doxo uses the PHG name to convey information to Doxo customers; namely, the name of the billing company to whom the user intends to make a payment. Thus, Doxo's use of the PHG name provides the truthful identity of PHG to the Doxo customer, thereby allowing the Doxo customer to pay its bill to PHG.

15. Doxo does not confuse the customer into believing that Doxo is endorsed or sponsored by PHG, but is instead using the PHG name to refer to PHG itself. Doxo operates in a manner is clear and obvious that it is providing a service from Doxo, not PHG.

16. On the bill-pay page of Doxo's website Doxo expressly disclaims any endorsement with PHG (in the same manner as it does with each biller) with the following text:

> Doxo is a secure, all-in-one bill pay service enabling payments to thousands of billers. Doxo is not an affiliate of Pearl Holding Group. Logos and other trademarks within this site are the property of their respective owners. No endorsement has been given nor is implied. Learn how Doxo works [LINK].

17. Further, once a user commences entering their bill payment information, on each page of the bill pay process Doxo restates that there is no endorsement with the language:

> Logos and other trademarks within this site are the property of their respective owners. No endorsement has been given nor is implied.

18. And again, on the final page of the payment process, where the user reviews their complete payment information and submits the payment, Doxo requires the user to expressly confirm (by checking a box) the language below (which is provided to help the user prevent late bill payments). The user is not able to submit a payment without checking this box.

> "I Understand the delivery date for my payment is [delivery date]. If you have received an overdue notice or need to deliver your payment sooner, do not complete

payment here. Instead, contact the company [link to company website] directly to make your payment."

19.     This language again clarifies that this is not the website of the biller, and if the user needs to make a payment after their due date then should go to the biller's own website directly, via the link provided, or contact the biller.

20.     Because Doxo uses PHG's name merely to convey information about the billing company to Doxo users and in no way implies endorsement or sponsorship by PHG, Doxo does not infringe any PHG mark.

21.     Because Doxo clearly disclaims the delivery date and when the user can expect payment to be delivered to the biller, Doxo has not engaged in an intentional and unjustified interference with the relationship between PHG and its customer.

## COUNT I
## (Claim for Declaratory Judgment)

22.     Doxo realleges the allegations contained within paragraphs 1 through 21 of the Counterclaim above as though fully set forth herein.

23.     Despite its identification of PHG consistent with the doctrine of nominative fair use and clear repeated disclosures that Doxo is not affiliate with PHG, PHG persists in alleging that Doxo cannot identify PHG on its biller pages and there is a present, actual and bona fide dispute between itself and PHG.

24.     Those threats and demands culminated in the filing of the instant lawsuit by PHG and are likely to result in future claims by PHG for additional PHG customers.

25.     There presently exists an actual and bona fide dispute between the parties that puts Doxo in doubt as to its rights and obligations in response to demands by PHG.

26. In light of this controversy, there is a present, actual and bona fide need for a declaration of the parties' rights and obligations pursuant to the doctrine of nominative fair use.

WHEREFORE, Doxo, Inc., requests the entry of judgment declaring that Doxo's identification of PHG on the Doxo billing page is non-infringing nominative fair use.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Eric D. Isicoff
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

*and*

**BRESKIN JOHNSON & TOWNSEND PLLC**
1000 Second Avenue, Suite 3670
Seattle, Washington 98104
Tel: (206) 652-8660
Fax: (206) 652-8290

By: /s/ Roger M. Townsend
    Roger M. Townsend
    Washington State Bar No. 25525
    (*Pro Hac Vice to be Filed*)
    rtownsend@bjtlegal.com

*Counsel for Defendant/Counter-Plaintiff, Doxo, Inc.*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 29th day of March, 2019, upon the following:

AKERMAN LLP
David Brafman
Mark D. Passler
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, Florida 33401
Tel.: (561) 653-5000
Fax: (561) 659-6313
Email: david.brafman@akerman.com
Email: mark.passler@akerman.com

                                        By: /s/  Eric D. Isicoff
                                               Eric D. Isicoff